UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| YAIR VARGAS TORRES 246393057, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-00629-MPB-MKK |
| ) | |
| BRISON SWEARINGEN Sheriff, Clay County ) | |
| Jail, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR A WRIT OF HABEAS CORPUS**

Yair Vargas Torres seeks a writ of habeas corpus requiring that he be released from U.S. Immigration and Customs Enforcement (ICE) detention or, alternatively, that he receive a bond hearing. Because the undisputed facts demonstrate that Mr. Vargas Torres is eligible for bond and that the government has not afforded him a hearing, the Court grants his petition by directing that he be afforded a bond hearing or released from detention.

**I. Facts**

The parties to do not dispute the material facts.

Mr. Vargas Torres is a native and citizen of Colombia. He entered the United States without inspection in 2022. He was apprehended by Border Patrol agents near El Paso. Dkt. 1-3 at 1; dkt. 10-2 at 6.

The government did not detain Mr. Vargas Torres after apprehending him in 2022. Instead, the government granted him parole. Dkt. 1-3 at 2. Mr. Vargas Torres applied for asylum. Dkt. 1-4. No evidence indicates that he ever violated a condition of his parole.

On December 1, 2025, ICE agents arrested Mr. Vargas Torres after he reported for a check-in appointment. Dkt. 10-2. He was temporarily detained in Clay County before being transferred to Christian County, Kentucky, where he remains in custody.[1]

The parties agree that Mr. Vargas Torres has neither received nor requested a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Vargas Torres contends that, by detaining him without considering bond, the government is holding him in custody in violation of both the Immigration and Nationality Act and the Fifth Amendment's due process protections. The government argues in response that Mr. Vargas Torres must be detained under 8 U.S.C. § 1225. Alternatively, the government argues, he is entitled to at most a bond hearing.

The undisputed facts demonstrate that the government's authority to detain Mr. Vargas Torres is constrained by 8 U.S.C. § 1226. Under that authority, Mr. Vargas Torres is eligible for—but is not absolutely entitled to—release on bond. Therefore, Mr. Vargas Torres is entitled to a bond determination by an immigration judge.

A. **Detention Under § 1226**

Mr. Vargas Torres argues that the circumstances preceding his arrest and detention dictate that his detention must be governed by 8 U.S.C. § 1226(a):

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

---

[1] This move does not affect this Court's jurisdiction over the habeas petition. "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

2

>   (1) may continue to detain the arrested alien; and
>
>   (2) may release the alien on—
>
>>   (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>
>>   (B) conditional parole[.]

The respondents answer that Mr. Vargas Torres's detention is governed by 8 U.S.C. § 1225(b)(2)(A), which directs that "an alien who is an applicant for admission . . . shall be detained" for the pendency of removal proceedings. They insist that, because Mr. Vargas Torres has not been admitted to the United States by immigration officials, and because he is seeking asylum, he is an "alien who is an applicant for admission" and therefore subject to compulsory detention under § 1225(b)(2)(A). This position is untenable for two reasons.

First, the respondents' interpretation of § 1225(b)(2)(A)—that every other alien arrested inside the United States who seeks to remain here, no matter how long after arriving, is an applicant for admission subject to mandatory detention—is legally dubious. The Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *8 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts have rejected the government's interpretation. *See, e.g., Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior

3

of the United States for years."). "As this Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Id.* (citing *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025)). The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 10 at 8. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.

Second, even if the respondents' legal reasoning was more persuasive, it could not be reconciled with the facts of this case. Mr. Vargas Torres was previously apprehended and released on parole—a decision authorized by § 1226(a)(2)(B). As Judge Barker previously reasoned, an alien cannot be subject both to mandatory detention under § 1225(b)(2)(A) and eligible for parole under § 1226(a)(2)(B); the provisions can only exist harmoniously if they apply to separate classes of aliens. *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025). The government exercised its discretion to release Mr. Vargas Torres from detention under § 1226(a); it cannot now insist that he is categorically ineligible for discretionary release because he is governed instead by § 1225(b)(2)(A). *Id.* (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their

own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000)).

**B.     Relief Available**

Mr. Vargas Torres argues that his detention violates the Constitution and laws of the United States because his detention is governed by § 1226 and the government refuses to consider whether he may be released on bond as required by the statute. He contends that this violates both § 1226 and the Fifth Amendment and asks that the Court order that he be released immediately.

Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Whether viewed through the scope of § 1226 or the Fifth Amendment, the appropriate relief for Mr. Vargas Torres is a bond hearing—not immediate release. He maintains—and the Court agrees—that he is subject to § 1226, which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Vargas Torres's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because the government refuses to consider whether he may be released as the law requires.

Both sides acknowledge that Mr. Vargas Torres has not yet requested a bond hearing. This does not change the outcome. The respondents do not argue that the failure to exhaust administrative remedies bars Mr. Vargas Torres's claim and therefore have waived any such argument. *M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). And, in any event, this Court has found that failure to move for a bond hearing does not preclude habeas relief given the Board of Immigration Appeals' consistent holding—echoed by the respondents in this case—that aliens in Mr. Vargas Torres's position are

not eligible for a discretionary bond determination. *Perez Reyes*, 2025 WL 3755928, at *2; dkt. 10 at 12–13.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Vargas Torres has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks an order that Mr. Vargas Torres be immediately released.

Mr. Vargas Torres's motion to dismiss Respondent Brison Swearingen from the case, dkt. [12], is **granted**. Mr. Swearingen is **dismissed** from the case **without prejudice**, and the **clerk is directed** to **terminate** him from the docket. Mr. Vargas Torres will have **two days** to file a motion to add his current immediate custodian as a respondent and include a proposed summons. The Court will withhold final judgment until the petitioner's immediate custodian has been added to the case and served.

**IT IS SO ORDERED.**

Date: January 9, 2026

*[signature]*

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Afshan Jabeen Khan
Law Office of Afshan J Khan
ajkhanesq@gmail.com

Liberty L. Roberts
CHURCH CHURCH HITTLE & ANTRIM (Noblesville)
lroberts@cchalaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov